# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REGINALD L. MCCOY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-1973 (RLW) |
| FEDERAL BUREAU OF INVESTIGATION, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

The Court, per Judge Emmet G. Sullivan, has vacated the order granting Plaintiff *in forma pauperis* status and has required full payment of the filing fee in this action by March 1, 2011. Order, ECF No. 14. Plaintiff now moves to Court to either permit supplementation of his complaint or to reconsider its vacation order. Motion Requesting Permission for Leave to Supplement Initial Complaint with Discussion of PLRA of 1996 and Request for Grant of IFP Pursuant to Fed. R. Civ. P. Rule 15(d); in the Alternative, Motion for Reconsideration, ECF No. 18 [hereinafter Mot.]. This motion will be denied.

Plaintiff cites Federal Rule of Civil Procedure 15(d) as the primary basis for his motion, proposing "to supplement initial complaint with discussion of [the Prison Litigation Reform Act] of 1996 and request for grant of [*in forma pauperis*] status." *Id.* at 1. That rule, which concerns supplemental pleadings, provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A discussion of the Prison Litigation Reform Act—the provisions of which concerning actions *in*

*forma pauperis* are codified at 28 U.S.C. § 1915—and a request to proceed *in forma pauperis* have nothing to do with claims made in a complaint. They are instead the proper subject only of motions to grant or rescind the *in forma pauperis* status of a plaintiff and related affidavits. *See* § 1915(a)(1)–(2). Plaintiff's proposed supplementation would therefore not set out any transaction, occurrence, or event that happened after the date of Plaintiff's complaint. Plaintiff's motion to supplement under Rule 15(d) will therefore be denied.

Alternatively, Plaintiff moves the Court to reconsider its decision to vacate the order granting Plaintiff *in forma pauperis* status. "While this Court has discretion to reconsider interlocutory orders, the Supreme Court has admonished that 'courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *In re Vitamins Antitrust Litig.*, No. 99-mc-197, 2000 WL 34230081, *1 (D.D.C. July 28, 2000) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation omitted)). "Thus, in light of the need for finality in judicial decision-making, a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Id.* (internal quotation omitted). Plaintiff attempts to demonstrate this third point.

First, Plaintiff argues that he does qualify for the imminent-danger exception to the three-strikes rule of 28 U.S.C. § 1915(g): "This is a hostile Unit and poses imminent danger of serious physical harm and injury at any time. Cell mates kill and assault each other daily." Mot. at 2. Assuming arguendo the truth of Plaintiff's statement, it has nothing to do with Plaintiff's claim. The imminent-danger exception only applies where "the action is connected to the imminent danger." *Alston v. F.B.I.*, No. 09-cv-1397, 2010 WL 4313686, *2 (D.D.C. Nov. 2, 2010).

Plaintiff's action under the Freedom of Information Act (FOIA) is wholly unconnected to the generalized allegations of danger Plaintiff allegedly faces in prison. *See* Compl., ECF No. 1. In other words, whether Defendants improperly withheld records in response to Plaintiff's FOIA request bears no relation to whether Plaintiff faces danger from prison violence.

Second, Plaintiff argues that the three-strikes rule contravenes Congressional intent to permit the indigent to proceed *in forma pauperis*: "[T]o rely on the 'three strike' rule and disregard Congress' original intent for meritorious claims is to denigrate the wisdom of the legislation." Mot. at 5. But the Court need not attempt to divine the intent, much less the wisdom, of Congress in this case, because the text of the legislation is clear: Litigants who have accumulated three strikes by repeatedly filing claims that are frivolous, that are malicious, or upon which no relief may be granted, no longer enjoy the privilege of filing another claim without prepayment of filing fees. § 1915(g); *Qi-Zhuo v. Meissner*, 70 F.3d 136, 140 (D.C. Cir. 1995) ("Where . . . the plain language of the statute is clear, the court generally will not inquire further into its meaning.").

Third and finally, Plaintiff contends that the three-strikes provision is unconstitutional because it "violates Plaintiff [sic] right to access to the court." Mot. at 2. But application of the three-strikes provision does not "divest[] a prisoner of his right to bring a claim." *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000). Rather, it "merely specifies that, after having three times filed suits or appeals that were dismissed on one of the enumerated grounds, a prisoner must pay his own way like any other litigant." *Id.* Plaintiff's motion for reconsideration will therefore be denied in a separate order to issue this April 7, 2011.

/s/
ROBERT L. WIKLINS
United States District Judge